PERKINS, APPELLANT, *v.* BENGUET CONSOLIDATED MINING CO. ET AL., APPELLEES. (Two cases.)

(Nos. 238 and 240—Decided October 15, 1956.)

*Mr. John L. Watson,* for appellant.

*Messrs. Gorman, Davis & Hengelbrok,* for intervenors-appellees.

*Per Curiam.* These two proceedings have their origin in the same case, and, although they relate to different rulings of the Common Pleas Court, in fact involve the same subject matter.

From the meager record before us it appears that the plaintiff had obtained a judgment against the defendant Ben-

guet Consolidated Mining Company, and to complete the satisfaction of the judgment, the defendant deposited with the clerk of courts the sum of $77,453.77. The record before us does not show the nature of the cause of action upon which the judgment was rendered. Thereafter, Gorman, Davis & Hengelbrok filed an intervening petition, alleging that they, and their predecessors, Gorman, Silverstein & Davis had performed services as attorneys for the plaintiff in the case, which resulted in obtaining the judgment, to satisfy which the deposit had been made with the clerk of courts. They asked that the court determine the reasonable value of their services and charge it against said deposit, and order the amount paid to them.

The court made an order fixing the date of the hearing upon the intervening petition, and ordered that the plaintiff be notified of the date of hearing. Notice was duly given, but the plaintiff failed to appear on the date set.

After a hearing, the court fixed the reasonable value of the services at $13,500, made it a charge against the fund in the custody of the clerk of courts, and ordered its payment. This order was made on May 16, 1956.

The validity and regularity of that judgment is not involved in the present hearing. What is involved is the validity of the appeals from that judgment.

It seems that on May 25, 1956, the plaintiff delivered a telegram to Western Union Telegraph Company at Pleasantville, New York, to be transmitted to clerk of court, Ralph A. Parker, and sheriff Clyde Dericks, at Batavia, Ohio. This telegram was delivered to the sheriff on May 26, 1956, and is as follows:

"This is formal notice to all interested parties intervening on their petition motion and garnishment before submitting Judge John H. Houston May 16th, 1956 that I am appealing from both signed awards and judgment entry for $13,500 in Case 22185 and the garnishment order in aid of execution No. 6477 for sums $28,922.03 and interest $38.75 in Hamilton County Case A-103968 altogether totaling $42,460.78 prematurely and erroneously awarded to Messrs. Gorman, Davis & Hengelbrok, Pfeiffer & Barasch, Attorneys, who promises me jury

trials on merits of all five cases filed. Mailing copy to all parties.

"Idonah Slade Perkins."

It will be noted that three proceedings are mentioned in the telegram—two pending in Clermont County and one in Hamilton County. The judge ordered the telegram to be filed in all cases. The telegram bears the stamp of the clerk showing it was filed on the same day but does not indicate the case in which it was filed. However, we are asked to treat this telegram as a notice of appeal from the judgment in favor of the intervenors in case No. 22185, which was one of the cases mentioned in the telegram.

Among the papers on file in this case is a document headed "Transcript of the Docket and Journal Entries filed since April 13th, 1956." The caption contains the names of the plaintiff and defendants, but has the number of 22183, and not number 22185. It does not carry the filing stamp of the clerk and has no certificate of the clerk attached. It does contain this endorsement on its face: "Filed August 20, 1956. Ralph A. Parker, Clerk, by Ann Garner, Deputy."

We find among the papers an unstamped praecipe for transcript, signed by plaintiff's counsel. It could be inferred that plaintiff filed this document in this court, and that the proceeding then, for the first time, was given a number upon the docket of this court.

The record is barren of any action taken by the appellant in this proceeding from May 26th to the present time, to prepare this proceeding for hearing. No assignment of errors or briefs on the merits have been filed, or leave asked for an extension of time for filing, although more than twice the time, fixed by the rules of court, for such filing has expired.

On July 12, 1956, the plaintiff filed a motion in the Court of Common Pleas seeking a rehearing and reconsideration of her motion "to set aside judgment of intervenors filed on June 22, 1956, and further moves the court to enter a final order ruling on the motion for a new trial filed on May 26, 1956." Various reasons were set forth as a basis for the request, but we do not deem it necessary to set them forth here. It will be noted that

in her motion of July 12, the plaintiff referred to the overruling of her motion of June 22, 1956. That motion was to set aside the judgment of the intervenors, rendered on May 16, 1956, and cannot be regarded as other than a motion for a new trial filed after the expiration of the statutory time. On July 26, 1956, this motion was overruled.

On August 20, 1956, plaintiff filed in the Common Pleas Court a notice of appeal from the aforesaid order of July 31, 1956, and this proceeding has been given the number 240 upon the docket of this court.

What has been said as to the failure of the plaintiff to file a properly certified transcript, assignment of errors, and briefs in case No. 238, applies equally to case No. 240.

By agreement of counsel, these two proceedings (Nos. 238 and 240) were consolidated and presented to the court as though motions to dismiss had been filed in each.

We are of the opinion that both should be dismissed.

Case No. 238 should be dismissed for the following reasons: (1) The telegram of May 25, 1956, is too vague, ambiguous, and contradictory to constitute a notice of appeal; (2) the plaintiff has failed completely to comply with the rules of this court relating to the filing of assignment of errors and briefs; and (3) no praecipe for a duly authenticated transcript was filed within ten days, and it does not appear that plaintiff has paid the cost thereof.

Proceeding No. 240 is dismissed (1) for the reason that it is based on a motion for rehearing of an order upon plaintiff's motion for a new trial filed on June 22, 1956, which, in itself, was a motion for a new trial, and both motions were filed after the expiration of the time allowed by law; (2) for the reason that the plaintiff has failed to comply with the rules of this court relating to the filing of briefs and assignment of errors; and (3) for failure to comply with the law relating to the filing of a transcript.

*Appeals dismissed.*

HILDEBRANT and MATTHEWS, JJ., concur.

Ross, P. J., concurring. I fully concur in the judgment in both cases (Nos. 238 and 240).

I cannot concur in the finding that the telegram did not constitute a notice of appeal. I find nothing in the procedural law prohibiting instituting an appeal by telegram. In the statute, it is provided that "an appeal is perfected when written notice of appeal is filed with the lower court." Section 2505.04, Revised Code.

"The notice of appeal required by Section 2505.04 of the Revised Code shall designate the order, judgment, or decree appealed from and whether the appeal is on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal is not jurisdictional and the notice of appeal may be amended by the appellate court for good cause shown." Section 2505.05, Revised Code.

Essentially, the provisions of these sections have been met.

In Section 2505.04, Revised Code, the requirement that the notice of appeal be written merely excludes an oral notice. I fail to see the difference between the product of a typewriter in the office of an attorney and in the office of the telegraph office, even if the latter is a teletype machine. The notice was directed to the clerk and duly accepted and filed in the action. The appeal fails for failure to take the later steps required by the rules of this court and the statutes.

The intervening petitioners, appellees, do not claim that they were not advised that an appeal was taken. They merely question the form of the appeal.

Now, as to case No. 240, the appellant, having elected to treat the telegram as a notice of appeal, may not, thereafter, select the identical paper as a motion for a new trial. Also, the appellant having attacked the judgment or order of the trial court by appeal, thereby choosing the appellate court as the forum through which to vacate such order, may not *thereafter* proceed to attack such order in the trial court by a motion for new trial. The trial court could have no jurisdiction to affect in any way an order or judgment from which an appeal was taken. Ancillary proceedings and interlocutory action may not be affected by the appeal, but the appellate court having first

acquired jurisdiction to consider vacation of the order and the granting of a new trial, the trial court, though having concurrent jurisdiction to vacate the order and grant a new trial, is ousted from that jurisdiction when the appellant first selects the alternate forum.

Therefore, the entire proceeding brought up by the appeal in case No. 240 is a nullity and the appeal should be dismissed.